United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE ROLANDO LARENA LABRADA, §
                              §
            Petitioner,       §
                              §
v.                            §   CIVIL ACTION NO. H-26-1633
                              §
RAYMOND THOMPSON,             §
                              §
            Respondent.       §

## <u>MEMORANDUM OPINION AND ORDER</u>

Dania Donate Marrero has filed this habeas petition as next of friend to Jose Rolando Larena Labrada ("Petitioner").[1] Petitioner, who is a citizen of Cuba, entered the United States without inspection on March 3, 2022.[2] On March 6, 2022, Petitioner was arrested by United States Customs and Border Patrol and was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3]   Petitioner was then released on his own

---

[1]Ultra-Extensive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss for Lack of Subject-Matter Jurisdiction and, in the Alternative for Summary Judgment ("Respondent's MTD"), Docket Entry No. 17, p. 2.

[3]<u>Id.</u>

recognizance.[4]   On January 20, 2026, Petitioner was taken into Immigration and Customs Enforcement custody.[5]  Petitioner remains in immigration custody.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).[7]  Petitioner argues that his detention without a bond hearing violates due process and that his warrantless arrest violates the Fourth Amendment.[8]    Also pending before the court is Respondent's Motion to Dismiss (Docket Entry No. 5).  Respondent argues that Marrero does not meet the requirements to represent Petitioner as next of friend.[9] Alternatively, Respondent argues that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[10]  Petitioner has not filed a reply.

The court lacks subject matter jurisdiction over this action. Next-friend filings will be recognized only when the next-friend

---

[4]Id. at 2-3.

[5]Id. at 3.

[6]Id.

[7]Petitioner, through Marrero, has also filed an Emergency Motion for Immediate Release (Docket Entry No. 2), an Emergency Motion to Expedite Habeas Corpus Proceedings (Docket Entry No. 3), an Emergency Motion for Temporary Restraining Order and Request for Immediate Relief (Docket Entry No. 4), and an Emergency Motion for Stay of Removal (Docket Entry No. 5).

[8]Habeas Petition, Docket Entry No. 1, p. 2.

[9]Respondent's MTD, Docket Entry No. 17, p. 1.

[10]Id. at 2.

(1) "provide[s] an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action," (2) establishes she is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate," and (3) establishes that she "ha[s] some significant relationship with the real party in interest."  Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990).  Although "[t]he burden is on the 'next-friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court," Marrero fails to allege any of the elements required to represent Petitioner as next of friend.[11]   Id.   The court therefore lacks subject matter jurisdiction over this action.  In re United Operating, LLC, 540 F.3d 351, 354–55 n.1 (5th Cir. 2008) (holding that a lack of standing deprives the court of subject matter jurisdiction because standing is one aspect of the constitutional requirement that a case present an actual case or controversy).

However, even if Marrero satisfies the requirements to represent Petitioner as next of friend, the claims raised in Petitioner's Habeas Petition are without merit.  Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under §

_____

[11]Moreover, the record establishes that Petitioner is capable of appearing on his own behalf to prosecute the action, given that he filed his own habeas petition with this court.  Respondent's MTD, Docket Entry No. 17, p. 6 (citing Jose Rolando Larena Labrada v. Marta M. Mata, No. 4:26-cv-3839, (S.D. Tex. May 13, 2026).

-3-

1225(b)(2).   Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).   This mandatory detention does not violate substantive or procedural due process.   As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"   Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).   Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, as explained in Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026), Petitioner's Fourth Amendment claim is foreclosed because it relies on the assertion that the Government lacks the authority to detain him under § 1225.[12]

For the reasons explained above, Respondents' Motion to Dismiss (Docket Entry No. 17) is **GRANTED**, and Petitioner's Ultra-Extensive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1), Emergency Motion for Immediate Release (Docket Entry No. 2), Emergency Motion to Expedite Habeas Corpus

---

[12]Habeas Petition, Docket Entry No. 1, p. 2.

Proceedings (Docket Entry No. 3), Emergency Motion for Temporary Restraining Order and Request for Immediate Relief (Docket Entry No. 4), and Emergency Motion for Stay of Removal (Docket Entry No. 5) are **DISMISSED** for lack of subject matter jurisdiction.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE